**Dorothy Evans ANDERSON etc.,
Appellant,**

**v.**

**Dr. M. L. MOORER et al., Appellees.**

**No. 22822.**

United States Court of Appeals
Fifth Circuit.

Feb. 9, 1967.

---

Dorothy Evans Anderson, pro se.

Hardy B. Smith, Mobile, Ala., Charles C. Hairston, Jackson, Miss., S. P. Gaillard, Jr., Zell B. Skinner, Jr., Mobile, Ala., J. O. Moss, Lucedale, Miss., Charles B. Bailey, Jr., James E. Moore, Lyman F. Holland, Jr., Mobile, Ala., O. F. & J. O. Moss, Lucedale, Miss., Gaillard, Wilkins & Smith, Mobile, Ala., for appellees; McCorvey, Turner, Johnstone, Adams & May, Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., of counsel.

Before TUTTLE, Chief Judge, and THORNBERRY and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge.

Exercising all of the charity and tolerance expected of us since the emancipation of modern pleading from its ancient fetters, we have tried to discern what the plaintiff's complaint means. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774. Eschewing what strictures there are in Rule 8, F.R.Civ.P., we have indulged instead in that Rule's ambience of liberality, and, parsing the complaint's imprecise, vague, contradictory, argumentative, conclusory, and sometimes unintelligible prose, we glean the following.

The subject matter of the suit is two parcels of land located in Mobile County, Alabama. The Circuit Court of Mobile County has rendered two decrees which purport to settle and apportion all claims to the freehold and mineral leasehold interests of these lands.[1] These decrees apportioned the freehold interest among the heirs at law of Judge Elmer (Elam) Evans, Sr., who had died intestate in 1942. The last-named had nine children, each of whom had been entitled to a one-ninth undivided interest.[2] One of these children, Judge Elmer (Elam) Evans, Jr.,[3] himself had seven children, of whom the plaintiff, Dorothy Evans Anderson, is one. Dorothy Anderson, as an heir at law of Judge Elmer (Elam) Evans, Jr., who died in 1956, took under the Alabama decree one-seventh of her father's one-ninth interest, or a 1/63rd interest in the land, subject to the dower interest of her mother, if her mother is living (which is not clear).

The mineral leasehold interest in question here stems from mineral leases given by all the heirs at law (as of 1956) of Judge Elmer Evans, Sr. to J. O. Moss and S. R. Hester. Each heir gave a mineral lease (retaining a one-eighth royalty interest) on as much of the freehold as he had taken from Judge Elmer Evans, Sr., so that the effect of these leases was the same as if Judge Elmer Evans, Sr., had given the lease and his lessor's interest had passed by intestate succession to his heirs. Judge Elmer Evans, Jr., gave such a lease, before he died, and that accounts for the portion of the Alabama decree awarding the seven children of Judge Elmer Evans, Jr., a one-eighth royalty interest in .99784 mineral acres of the land (subject to their mother's dower interest).

To sum up, then, the Alabama decree awards the plaintiff, Dorothy Evans Anderson, an undivided 1/63rd interest in the freehold in question and one-seventh of the leasehold's one-eighth royalty interest in .99784 mineral acres of the land.

In the present action, the plaintiff, a Michigan citizen, is claiming that she is

---

1. The first of these cases is Alice Evans Morris, Guardian of Daniel Evans, et al., v. M. L. Moorer, Equity No. 45, 991–E, Minute Book No. 61, Entry 100, December 23, 1959; the second is Petroleum Products Development Corp., et al., v. Lands Described in the Bill of Complaint, et al., Equity No. 53, 632–T, Minute Book No. 65, Entry 464, September 2, 1960.

2. Intestate succession of lands in Alabama, is controlled by Alabama Code, Title 16, § 1 et seq. (Recomp.1958). Dower interests are controlled by Title 34, § 40 et seq.

3. "Judge" is a name and not a title, according to the complaint.

entitled to more of the freehold and leasehold interests than the Alabama decrees award her. She claims a one-half interest in the freehold and a cancellation for fraud of the mineral leases, along with damages for trespass and for wrongful taking of minerals.

The plaintiff's original complaint was dismissed with leave to amend. The amended complaint was also dismissed.

The foregoing is sufficiently clear from the complaint and attached documents and records. However, the ground on which the plaintiff claims the larger interests is not clearly stated. We therefore refrain from relying on any guess about why the plaintiff seeks relief, and we hold instead that she may not press these claims in the federal courts no matter what she feels justifies them. We affirm the District Court's dismissal.

Before we reach consideration of the merits, we first deal with jurisdictional difficulties.

■■ In the original complaint, the plaintiff, a citizen of Michigan, named as defendants many of her relatives, also citizens of Michigan. This is a diversity suit, and therefore there is no jurisdiction as to these Michigan defendants. 28 U.S.C.A. § 1332(a) (1). They may not be made defendants, and we hold that they must be dropped.[4]

■ Since these Michigan parties are named by the Alabama decrees as co-owners with plaintiff of the freehold interest, it is clear that any claim that plaintiff is entitled to a larger portion of the freehold must be adverse to these relatives. Such a claim cannot, therefore, be pursued in a diversity suit like the present, as the relatives, being Michigan citizens, cannot be made defendants.

The defendants who remain after the Michigan defendants have been dropped are the mineral lessees or their assignees, who defend the validity of the mineral leases. These defendants are all citizens of states other than Michigan, and as to them there is diversity.

■ These defendants argue that the plaintiff's allegation of jurisdictional amount is not sufficient. The plaintiff has alleged that more than $10,000 is in issue, and such allegation, if in good faith, is sufficient unless it appears to a legal certainty that recovery cannot exceed the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. Olan Mills, Inc., of Tenn. v. Enterprise Publishing Co., 5 Cir. 1954, 210 F. 2d 895. Compare Matthiesen v. Northwestern Mutual Insurance Co., 5 Cir. 1961, 286 F.2d 775.

■ The defendants argue, however, that the certain futility of the plaintiff's case shows that this controversy is worth less than $10,000. The defendants, in seeking to demonstrate such futility, point to the Alabama adjudication of the plaintiff's interest as foreclosing recovery here. But the probability of a valid factual defense (here, a defense of res judicata) is not sufficient to diminish the amount in controversy and to oust the court of jurisdiction, even if that defense appears on the face of the complaint. St. Paul Mercury Indemnity Co. v. Red Cab Co., supra; Schunk v. Moline, Milburn & Stoddart Co., 1893, 147 U.S. 500, 13 S.Ct. 416, 37 L.Ed. 255; Burks v. Texas Co., 5 Cir. 1954, 211 F.2d

---

4. Simultaneously with dismissing the amended complaint, the District Court denied plaintiff's motion to drop the Michigan defendants. Presumably that motion was made to cure jurisdictional defects; and presumably the District Judge denied it because he felt that the case could not proceed without the Michigan defendants. If so, the District Judge has misconceived the law. We hold, infra, that this suit can proceed without the Michigan defendants. Normally, the District Court has discretion under F.R.Civ.P. 21 in deciding whether to allow the dropping of parties. But where, as here, the District Judge refuses to allow a party to be dropped (when joinder of that party destroys diversity) and bases the refusal upon the legal misconception that the cause of action cannot proceed without that party, the District Court has exceeded its discretion. Weaver v. Marcus, 4 Cir. 1948, 165 F.2d 862, 175 A.L.R. 1305; see Causey v. Burgess, E.D.S.C. 1964, 236 F.Supp. 326. We reverse the District Court's order on this point.

443; see Harris v. Illinois Central R. Co., 5 Cir. 1955, 220 F.2d 734.

The remaining defendants next claim that the Michigan defendants (as to whom there is no diversity) must be joined in any suit involving the validity of the leasehold interests, (F.R.Civ.P. 19) and that, as the Michigan defendants are no longer in the suit, the entire case must be dismissed.

■■■■■ This argument holds true only insofar as the remedy of cancellation is concerned. In order to seek cancellation of a lease, all of the parties holding a part of the lessor's interest must be joined. But the plaintiff here (whose co-tenants in common are the Michigan defendants, who are no longer in the suit) may still test the validity of the leases in a suit for damages, even though the remedy of cancellation is not open to her. Tardan v. California Oil Co., 5 Cir. 1963, 323 F.2d 717; Humble Oil & Refining Co. v. Martin, 5 Cir. 1961, 298 F.2d 163, cert. denied 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64; Estes v. Shell Oil Co., 5 Cir. 1956, 234 F.2d 847; Mackintosh v. Marks' Estate, 5 Cir. 1955, 225 F.2d 211, cert. denied 350 U.S. 934, 76 S.Ct. 306, 100 L.Ed. 816; Hudson v. Newell, 5 Cir. 1949, 172 F.2d 848, aff'd en banc 1949, 174 F.2d 546. Cf. Standard Oil Co. of Texas v. Marshall, 5 Cir. 1959, 265 F.2d 46, cert. denied 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185. Compare Hilton v. Atlantic Refining Co., 5 Cir. 1964, 327 F.2d 217; Alexander v. Washington, 5 Cir. 1960, 274 F.2d 349; and see the rule in Alabama, Sun Oil Co. v. Oswell, 1953, 258 Ala. 326, 62 So.2d 783.

Thus the plaintiff here may question the validity of the lease as it affects her rights,[5] and we finally reach the merits of her case. A consideration of the merits is short, and, to the defendants (whose attempted reliance on jurisdictional niceties seems unnecessary), sweet.

The aforementioned Alabama Circuit Court decisions have decided this question in favor of the defendants. The plaintiff has had her day in court, with a judgment adverse to the claims she presses here. Viewed objectively, the present suit tried to relitigate the questions already decided in the Alabama actions.[6]

■■■■■ This court sits, in a diversity action, as another Alabama court. We cannot entertain any action not maintainable in an Alabama court, and the Alabama state courts would not allow relitigation either of issues raised in the prior suits or of issues which could have been raised in those suits. By the Alabama statutes which control quieting title and determination of claims to land, the Circuit Court decrees " * * * clear up *all* doubts or disputes concerning [the land]." Alabama Code, Title 7, §§ 1109, 1116 (Recomp.1958). [emphasis added] Warrior River Coal & Land Co. v. Alabama State Land Co., 1907, 154 Ala. 135, 45 So. 53. See Cheney v. Nathan, 1896, 110 Ala. 254, 20 So. 99. The decrees are also " * * * binding and conclusive upon all the parties * * * " in the suit. Alabama Code, Title 7, §§ 1112, 1126 (Recomp.1958).

The Alabama Supreme Court has, further, embraced for all cases (not merely for quiet title actions) the federal rule that

" * * * res judicata must be pleaded as a bar, not only as respects matters

5. In a recent motion filed with this Court, the plaintiff has sought to become the representative for a class action, naming the class as all of her relatives who own part of the freehold interest. If such motion is intended to counter the argument that these relatives are parties without whom the cause cannot be adjudicated, it is unnecessary, as we here hold that plaintiff may alone test the validity of *her interest* in the mineral leases. In any case, we refuse to allow plaintiff to represent such a class, as her pleadings and other papers in the record demonstrate conclusively to us that she cannot " * * * fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a) (4). We deny the motion.

6. The complaint, indeed, refers more than once to the present suit as an attempt to set aside or relitigate the Alabama actions, although, giving the plaintiff the benefit of the doubt (to which she is entitled) we have not used these statements in reaching our decision.

actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.'" 25 So. 2d 515

A.B.C. Truck Lines v. Kenemer, 1946, 247 Ala. 543, 548, 25 So.2d 511, 515; quoting Chicot County Drainage District v. Baxter State Bank, 1940, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329, 335.

Plaintiff has asserted no legal basis for lifting the bar of res judicata. That bar is neither sinister nor harsh; often it is salutary and, occasionally, merciful.

Affirmed.