Freeman BROWN et ux.

v.

TEXAS AND PACIFIC RAILROAD COMPANY et al., in Solido.

Mr. and Mrs. N. H. WHITE and Mrs. Dorothy Mae Giles

v.

TEXAS AND PACIFIC RAILROAD COMPANY et al.

Civ. A. Nos. 74–901, 74–909.

United States District Court, W. D. Louisiana, Shreveport Division.

March 31, 1975.

Rehearing Denied May 6, 1975.

Lewis Weinstein, Bobby D. Sutton and Glenn E. Walker, Burnett, Harrison, Sutton & Walker, Shreveport, La., for plaintiffs Brown.

Charles H. White, New Orleans, La., for plaintiffs White.

Arthur G. Thompson, Shreveport, La., for plaintiff Giles.

Benjamin C. King, Shreveport, La., for defendant Railroads.

## MEMORANDUM RULING

STAGG, District Judge.

In two related cases arising out of a collision between a train and an automobile, this Court is called upon to determine the merits of a number of pretrial motions.

On September 27, 1973 in Caddo Parish, Louisiana, a car driven by Henry C. Rodney and occupied by his wife, Mrs. Joan White Rodney, and three minor children, Pamela Brown, Herlisa Brown and Paula Brown, was struck by a train at the intersection of Woolworth Road and the Texas and Pacific Railroad tracks. Mr. and Mrs. Rodney and Pamela Brown died as a result of injuries received in the collision and the remaining two minor children suffered personal injuries of a serious nature.

The record in Civil Action No. 74–901 shows that the complaint was filed on September 25, 1974, only a few days before prescription would have accrued. The complaint in Civil Action No. 74–909 was filed on September 27, 1974, the last day of the one-year period following the happening of the accident. In neither case was any defendant served with the citation within one year from the date of the accident.

Plaintiffs in No. 74–901 are Freeman Brown and his wife, Carrie Brown, domicilaries of Caddo Parish, Louisiana, who are suing individually and on behalf of their minor children, Pamela, Herlisa and Paula Brown. Plaintiffs in 74–909 are Mr. and Mrs. N. H. White and Mrs. Dorothy Mae Giles, domiciliaries of the State of Louisiana. Mr. and Mrs. White are the surviving parents of Mrs. Joan White Rodney and Mr. White is the administrator of the Succession of Mrs. Joan White Rodney. Mrs. Giles is appearing in her capacity as Tutrix of the minor children of Henry C. Rodney, who are Bernice Lucille Rodney and Tricia Andrea Rodney.

Named as defendants in both suits are the Texas and Pacific Railroad Company and the Missouri and Pacific Railroad Company, corporations organized under the laws of the State of Delaware and doing business in the State of Louisiana. Also made a defendant in both suits is the Caddo Parish Police Jury, a nonprofit organization domiciled in Caddo Parish, Louisiana.

Jurisdiction of this Court over these suits is allegedly based on diversity of citizenship, 28 U.S.C. § 1332, as the amount in controversy in both cases exceeds the sum or value of $10,000, exclusive of interest and costs.

Soon after the filing of these suits, counsel for the railroads interposed a motion to dismiss for lack of jurisdiction over the subject matter as there was not complete diversity of citizenship between plaintiffs and defendants in either case, as required by Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L. Ed. 435 (1806). A review of the parties to this litigation quickly reveals that defendant Caddo Parish Police Jury is domiciled in the same state as plaintiffs therefore complete diversity is lacking in both suits.

In an attempt to cure the jurisdictional defect, counsel in 74–901, pursuant to Rule 21 of the Federal Rules of Civil Procedure, sought leave of court to amend their petition in order to drop the Police Jury as a party defendant. Counsel for plaintiffs in 74–909 sought to cure the defect by dismissing its action against the Police Jury in accordance with Rule 41(a)(1), F.R.C.P.

During oral argument on these motions, which was held on February 21, 1975, counsel for the railroads objected strenuously to the dismissal of the action as to the Police Jury either by an amendment of the petition under Rule 21 or by a voluntary dismissal pursuant to Rule 41(a). Before ruling on the motions, this Court requested a supplemental brief from the defendants in support of their position. Thereafter, on March 14, 1975, counsel for defendants filed motions to dismiss for failure to state a claim upon which relief could be granted and for summary judgment on the

ground that there is no genuine issue of material fact. Defendants' counsel also raised a plea of prescription and further pled that plaintiffs had released a solidary obligor without expressly reserving their rights against remaining solidary obligors, thereby releasing the remaining defendants.

All of these motions, save that concerning the release of a solidary obligor, are bound up with the question of whether jurisdiction of this Court can be maintained and perfected by a release of the Police Jury as a defendant and whether this release will operate retroactively to the time of the filing of the original complaint.

■■ In a suit wherein the jurisdiction of the Federal District Court is based on diversity of citizenship, plaintiff must, before the statute of limitations has run, do whatever he would be required to do in a similar suit in State Court. Ragan v. Merchants Transfer and Warehouse Company, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). In the *Ragan* case, the Supreme Court held that where jurisdiction is based upon diversity of citizenship, a federal court cannot give an action longer life than it would have had in the State Court. The applicable state law on the subject is contained in LSA–R.S. 9:5801, which provides, in part:

" * * * When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1."

Using this statutory provision as his springboard, counsel for the railroads argues that as the complaints were filed in an incompetent court initially and since none of the defendants were served with the citation within one year of the date of the accident, then there was no interruption of prescription and the action is now barred by the one-year statute of limitations contained in LSA–C.C. art. 3536.[1]

Plaintiffs in both cases contend that this Court has the authority to order the deletion of the Caddo Parish Police Jury as a party defendant and that such deletion relates back to the time of the original filing. Thus, the plaintiffs contend that the complaint was initially filed in a court of competent jurisdiction within the meaning of LSA–R.S. 9:5801 and prescription was interrupted. For the reasons set forth below, this Court agrees with the position taken by plaintiffs and denies the motions to dismiss for lack of subject matter jurisdiction, for summary judgment and for failure to state a claim upon which relief can be granted. Also, this Court finds that the actions in 74–901 and 74–909 have not been lost by prescription or by the release of a solidary obligor.

## AMENDMENT OF COMPLAINT IN ORDER TO CURE A JURISDICTIONAL DEFECT

■ A federal district court has the power to preserve and perfect its diversity jurisdiction over a case by dropping a nondiverse party providing the nondiverse party is not an indispensable party whose presence in the action is required under Rule 19, F.R.C.P.[2] Wright & Miller, Federal Practice and Procedure, Civil § 1685; 3 Moore's Federal Practice ¶ 15.09. Such is the settled law of the Fifth Circuit. See Anderson v. Moorer, 372 F.2d 747 (1967); Travelers

1. LSA–C.C. art. 3536 provides:
"ART. 3536. Other actions prescribed by one year.
ART. 3536. The following actions are also prescribed by one year:
That * * * resulting from offenses or quasi offenses.
* * *."

2. Defendant has not alleged nor does this Court find that the Caddo Parish Police Jury is an indispensable party. In the Court's opinion, complete relief can be afforded between plaintiffs and the railroads without prejudicing any of them or the Police Jury.

Ins. Co. v. Brown, 338 F.2d 229 (1964); and Hunt Tool Co. v. Moore Inc., 212 F.2d 685 (1954). Indeed, in *Anderson* the Court went so far as to hold that the District Judge exceeded his discretion when he refused to allow certain defendants to be dropped in order to perfect diversity jurisdiction. 372 F.2d 747, 750.

■ According to these authorities, for this Court to refuse plaintiffs in both cases the right to amend their petition in order to delete the nondiverse party would be an abuse of discretion. Therefore, the amendments will be allowed.

■ Now that it has been determined that the amendments should be allowed, the question arises as to which of the Federal Rules must be utilized in order to effect the amendment. As pointed out previously, plaintiff in 74–901 sought leave of court pursuant to Rule 21, while plaintiff in 74–909 sought to achieve the same result via Rule 41(a)'(1). Neither of these rules expressly excludes application of the other and this Court finds that the use of either procedure is proper. Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250 (5th Cir. 1973). Furthermore, the weight of authority is to the effect that either rule may be used. Wright & Miller, Federal Practice and Procedure: Civil § 2362.

## WILL THE AMENDMENT RELATE BACK TO THE FILING OF THE ORIGINAL COMPLAINT?

■ Having determined that the original complaint may be amended by dropping a nondiverse party in order to cure a jurisdictional defect, and that such amendment can be effected by either Rule 21 or Rule 41 of the Federal Rules of Civil Procedure, the only remaining issue is whether such amendments relate back to the filing of the original complaint.

In the present case, the answer to this question is crucial. If the amendments do not relate back, then according to the terms of LSA–R.S. 9:5801, the actions have prescribed as the complaints were not filed in a competent court and no defendant was served with the citation within the one-year prescriptive period. However, if the amendments do relate back then the filings would have been in a competent court thus prescription would be interrupted as of the date the complaints were filed.

In 3A Moore's Federal Practice ¶ 21.03[2], this language appears:

"[2]—Where Joined Party Affects Subject Matter Jurisdiction or Statute of Limitations Has Run.

"The issues are more complicated where the presence of the allegedly misjoined party will also defeat the subject matter jurisdiction of the court. Additionally, although the original action has been timely commenced, the statute of limitations may have run before the misjoined party can be dropped. As to both of these issues, i. e., subject matter jurisdiction and statute of limitations, there is a clear federal commitment to allow relation back of amendments dropping parties in order to uphold subject matter jurisdiction and to avoid statutes of limitations. The stated principle covers not only cases involving technically 'misjoined' parties, but also cases involving parties properly joined as a procedural matter, but whose presence will defeat the subject matter jurisdiction of the court.

\* \* \* \* \* \*

"Accordingly, it may be seen that where lack of diversity of citizenship as to some defendants exists, and such defendants are not indispensable parties, these defendants may be dropped and jurisdiction may thereby be established with retroactive effect. The original filing of the complaint serves to toll the running of the statute of limitations." Footnotes omitted.

In Finn v. American Fire & Casualty Co., 207 F.2d 113 (5th Cir. 1953), the Court stated:

" * * * When the suit was voluntarily dismissed, however, as to all of the defendants except the appellee, against whom a verdict had been rendered, the amendment of the pleadings related to the date of filing of the original suit and cured the defect in the district court's jurisdiction of the controversy between the remaining parties. Rule 15(c) and Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.; 3 Moore's Federal Practice (2d ed.), Sections 15.09 and 15.15, pp. 836, et seq., and 850, et seq."

This Court finds that the amendments to the complaints in 74–901 and 74–909 relate back to the date of the filing of the original complaints, thereby interrupting prescription as of the date the complaints were filed.[3]

## RELEASE OF JOINT OBLIGOR

■ The final motion of defendant concerns the allegation that a release of the Caddo Parish Police Jury operates a release of the defendant railroads. Defense counsel apparently has misconstrued the effect of the amendments to the complaints. The dismissal in 74–909 is without prejudice to the rights of plaintiff to pursue their actions against the Police Jury in the future should they choose so to do. Likewise, the dismissal in 74–901 is without prejudice to plaintiffs' rights. The release contemplated by LSA–C.C. 2203 is a final dismissal which precludes further action by the plaintiff against the dismissed defendant.

For the foregoing reasons, the motions to dismiss advanced on behalf of defendants are denied. The motion to dismiss the complaint in 74–901 as to the Caddo Parish Police Jury is granted. Counsel in 74–909 will now proceed to perfect service of process as per the agreement reached between the Court and counsel at the February 21, 1975 motion hearing.

The Professional Law Corporation of Burnett, Harrison, Sutton & Walker will be allowed to enroll as counsel for complainants in 74–901 and Lewis Weinstein is hereby allowed to withdraw.

## ON MOTION FOR REHEARING RULING

After this Court's Memorandum Ruling denying defendants' motions to dismiss in C.A.No. 74–901 and 74–909, counsel for defendants filed these motions for a rehearing or alternatively for a new trial. In his motions counsel complains of allegedly erroneous conclusions of law reached by the Court in denying the motions to dismiss. Feeling that oral argument on the present motions would be unproductive in light of the extensive memoranda filed by counsel, the Court will proceed to determine the motions on the strength of the existing record.

■ The primary consideration in the decision to grant or deny a rehearing is the strong possibility that the Court's original determination may have been incorrect. Graci v. United States, 301 F.Supp. 947 (D.C.La.1969). Such a decision necessarily must be left to the sound discretion of the trial judge.

Having reviewed the Court's original ruling in light of the authorities relied on by counsel for the defendants, this Court cannot conclude that there is a strong possibility that the Memorandum Ruling was incorrect. Accordingly, the motions for rehearing or alternatively for a new trial in 74–901 and 74–909 are denied.

---

3. Although this finding is based on federal authorities, it is in line with the Louisiana law on the subject. See LSA–C.C.P. art 1153; 43 Tul.L.Rev. 211, 231 (1969). Therefore, this Court, in compliance with

Ragan v. Merchants Transfer and Warehouse Company, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 .(1949), has not given the action longer life than it would have been given by a Louisiana State Court.

Although in the Court's mind there does not exist the strong possibility that the Memorandum Ruling was incorrect, the Court recognizes that its ruling does involve a controlling question of law as to which there is a substantial ground for difference of opinion. Furthermore, an immediate appeal from this ruling may materially advance the ultimate termination of the litigation. Therefore, pursuant to Title 28 U.S.C. § 1292(b), this Court will stay proceedings in these cases until such time as an appeal has been taken and disposed of concerning the Memorandum Ruling of March 31, 1975.