**Mildred and Israel T. KLAPPER, Plaintiffs,**

**v.**

**COMMONWEALTH REALTY TRUST, and unincorporated real estate investment trust organized under the laws of the Commonwealth of Pennsylvania; Country & New Town Properties, Inc., a Delaware corporation; C.N.T. Properties (U.S.), Inc., a Delaware corporation; Geoffrey A. Adkin, David Newton, Gerald M. Newton, Edward B. Stokes and William Zucker, Defendants.**

**Civ. A. No. 85–686 CMW.**

United States District Court, D. Delaware.

June 22, 1987.

Irving Morris, Kevin Gross and Carolyn D. Mack, of Morris and Rosenthal, Wilmington, Del.; Martin H. Philip, Palmerton, Pa., of counsel; for plaintiffs.

William Prickett, John H. Small and Wayne Carey, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del.; Andrew J. Levander and Adam B. Rowland, of Shereff, Friedman, Hoffman & Goodman, New York City, of counsel; for defendants.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

Defendants filed a motion to amend this Court's Order of March 31, 1987 to certify an issue for appeal pursuant to 28 U.S.C. § 1292(b) and to stay proceedings. The Court will certify the appeal and will stay the proceedings until such time as the Third Circuit Court of Appeals decides whether to take this appeal.

The question to be certified is the following:

Do plaintiff shareholders of a real estate investment trust (a "REIT"), have standing to assert a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act based on an alleged injury to the REIT shareholders of the Trust?

In an Opinion filed March 31, 1987, the Court denied defendants' motion to dismiss this RICO action brought against a Real Estate Investment Trust. The Court held that plaintiffs have standing to maintain a RICO violation; that plaintiffs adequately alleged a RICO enterprise; and that plain-

tiffs adequately alleged a "pattern of racketeering activity." *Klapper v. Commonwealth Realty Trust*, 657 F.Supp. 948, 950 (D.Del. March 31, 1987). The only question that defendants seek to certify is the standing issue.

An order not otherwise appealable is appealable under 28 U.S.C. § 1292(b) when three criteria are met: (1) the order appealed from must "involve[s] a controlling question of law"; (2) the controlling question must be one "as to which there is substantial ground for difference of opinion"; and (3) the order must be one from which "an immediate appeal ... may materially advance the ultimate termination of the litigation." *Id.; The Flying Tiger Line, Inc. v. Central States, Southwest and Southeast Areas Pension Fund*, No. 86–304 slip op. (D.Del. Dec. 4, 1986) [Available on WESTLAW, DCT database] *citing Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir.), *cert. denied* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974).

Plaintiffs offer no significant arguments to deny that the question to be certified meets the first and third prongs of the certification test. Standing is a "controlling question of law". If the plaintiffs have no standing, the litigation will be terminated, and such questions are particularly well suited for an interlocutory appeal. *Katz*, 496 F.2d at 755. For the same reason, the third prong of the test, that an immediate appeal may materially advance the ultimate termination of the litigation, is also met.

The only real question is whether, under prong two of the test, there is a substantial ground for difference of opinion. The Court believes there is such a difference for two reasons. First, the Court has already noted that the standing question presents a "case of first impression." *Klapper*, at 953. *See, e.g., Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 494 F.Supp. 1190, 1243 (E.D.Pa.1980) (granting certification of denial to dismiss where issues were "of first impression" and "novel"). Defendants contend that a holding that shareholders of a Real Estate Investment Trust have standing to bring a RICO action presents a novel question of law and carves out a general exception to the rule that shareholders of a corporation do not have such standing.

At various times, defendants have pointed to a district court opinion which contains language that even defendants acknowledge is *dicta*, to the effect that REIT shareholders have no standing to maintain a security action. *Kusner v. First Pennsylvania Corp.*, 395 F.Supp. 276, 285 (E.D. Pa.1975), *rev'd*, 531 F.2d 1234 (3d Cir. 1976). Quite apart from the fact that there is no reasoning behind this *dicta*, the holding of the Third Circuit on appeal is that securityholders do, in certain circumstances, have individaul standing to bring a securities action. *Id.* 531 F.2d at 1239 (a holder of a warrant and a convertible debenture "may recover in a direct action whether or not their interest in the corporation would support a derivative suit."). If anything, *Kusner* supports this Court's March 31, 1987 Opinion and at the same time demonstrates the sensitivity of the Third Circuit to the question of standing as it relates to holders of different types of financial instruments. It is precisely this sensitivity that led this Court to draw a distinction between holders of REIT shares and holders of corporate shares. And it is precisely this sensitivity that leads this Court to certify the matter for appeal.

The second reason for certifying this matter is that this Court disagreed with the Magistrate's Report. *Compare* Report of the Magistrate at 6–8 with *Klapper*, at 953–54. *See also Flying Tiger* slip op. at 4. This is further indication that a substantial difference of opinion exists.

Pending a determination by the Third Circuit Court of Appeals as to whether it will accept certification, all discovery matters are stayed in this action. *See, e.g., Brown v. Texas & Pacific R.R. Co.*, 392 F.Supp. 1120, 1126 (D.La.1975).

An Order will enter in conformity with this Opinion.