In re HECHINGER INVESTMENT
COMPANY OF DELAWARE,
Debtor.

Official Committee of Unsecured Cred-
itors of Hechinger Investment Com-
pany of Delaware Inc., on behalf of
Hechinger Investment Company of
Delaware Inc., Plaintiff,

v.

Fleet Retail Finance Group, Chase, The
Chase Manhattan Bank, and Back
Bay Capital Funding, LLC, each indi-
vidually and as agents for various
banks party to credit agreements,
John W. Hechinger, Leonard Green &
Partners, L.P., Green Equity Investors
II, L.P., John W. Hechinger, Jr., S.
Ross Hechinger, Ann D. Jordan, Rob-
ert S. Parker, Melvin A. Wilmore,
Alan J. Zakon, Kenneth J. Cort, W.
Clark McClelland, June R. Hechinger,
Nancy Hechinger Lowe, Sally He-
chinger Rudoy, Catherine S. England,
Richard England, Jr., June L.P., Lois
Associates L.P., and Jarsan Associates
L.P., Defendants.

Bankruptcy Nos. 99–2261 to 99–2283.
Civ.A. No. 00–840–RRM.

United States District Court,
D. Delaware.

June 14, 2002.

Mark Minuti, Saul Ewing, LLP, Wil-
mington, Delaware, David M. Frieman,
David E. Ross, Andrew K. Glenn, Marvin
C. Peguese, Kasowitz, Benson, Torres &
Friedman, LLP, New York City, for The
Official Committee of Unsecured Credi-
tors.

Kenneth J. Nachbar, James G. McMil-
lan, III, Morris, Nichols, Arsht & Tunnell,
Wilmington, Delaware, Mitchell A. Karlan,
Gibson, Dunn & Crutcher, New York City,
for John W. Hechinger Jr., S. Ross He-
chinger, Ann D. Jordan, Robert S. Parker,
Melvin A. Wilmore, Alan J. Zakon, Ken-
neth J. Cort, W. Clark McClelland, June
R. Hechinger, Nancy Hechinger Lowe,

Sally Hechinger Rudoy, June L.P., Jarsan Associates, LP, and John W. Hechinger.

## MEMORANDUM OPINION

MCKELVIE, District Judge.

This is a bankruptcy adversary proceeding raising various claims that arise from a series of transactions that culminated in the leveraged buyout ("LBO") of the Debtor, Hechinger Company. The suit is brought by the Official Committee of Unsecured Creditors of Hechinger Investment Company of Delaware and its affiliated debtors (collectively, the "Committee") against certain former directors and controlling shareholders of Hechinger and certain lenders and investors who financed the Hechinger LBO.

Presently before the court is the Hechinger Defendants' Motion for Certification of the Court's March 22, 2002 Order to the Court of Appeals (D.I.150). For the reasons that follow, the court will deny the Hechinger Defendants' motion to certify whether controlling shareholders owe fiduciary duties to creditors of a corporation that has entered the zone of insolvency.

## I. BACKGROUND

On July 16, 2001, the Hechinger Defendants moved to dismiss the Committee's amended complaint (D.I.76). On February 20, 2002, the court issued an opinion resolving that motion.[1] *See In re Hechinger Inv. Co. of Delaware*, 274 B.R. 71 (D.Del.2002). The court dismissed the Committee's fraudulent conveyance and unjust enrichment claims against the He-

chinger Defendants, but denied the Hechinger Defendants' motion to dismiss the Committee's breach of fiduciary duty claims. One of those claims, Count I, is asserted against the former directors of Hechinger. The other, Count II, is asserted against the "Hechinger Family Defendants," as defined in the amended complaint. The Hechinger Family Defendants include both members of the Hechinger family who are former Directors and former shareholders of Hechinger, as well as family members who are former shareholders only.[2]

In its memorandum opinion, the court also considered a separate motion to dismiss filed by a group of defendants known as the England Family Defendants. The court dismissed the Committee's fiduciary duty claims as against the England Family Defendants, because the shares of the England Family defendants were held in a voting trust over which they exercised no control.

On February 28, 2002, the Hechinger Defendants moved for reargument as to one aspect of the court's decision (D.I.134). The Hechinger Defendants requested reargument of the court's decision to deny their motion to dismiss Count II, arguing that the court misapprehended and failed to consider its argument as to why the fiduciary duty claims should be dismissed as against these Hechinger Family defendants. Their argument was that as a matter of Delaware law, controlling shareholders do not owe a duty to creditors, even in the zone of insolvency.

---

1. In this order, the court will retain the definitional groupings of individual defendants for the term "Hechinger Defendants" that it set forth in the February 22, 2002 opinion.

2. The "Family Defendants" who were Directors and shareholder are John W. Hechinger, John W. Hechinger, Jr., and S. Ross

Hechinger. The "Family Defendants" who are former shareholders (i.e., the non-Director Hechinger defendants) only are June R. Hechinger, Nancy M. Hechinger, Sally Hechinger Rudoy, Jarsan Associates, L.P., and June L.P.

On March 22, 2002, the court denied the Hechinger Defendants' motion for reargument (D.I.145). While the court acknowledged the lack of controlling Delaware authority directly on point, it noted that since it is well-established that creditors are owed fiduciary duties in the zone of insolvency, *see Credit Lyonnais Bank Nederland, N.V. v. MGM–Pathe Comm. Co.,* 1991 WL 277613 (Del.Ch. December 30, 1991); *Geyer v. Ingersoll Pubs. Co.,* 621 A.2d 784, 787 (Del.Ch.1992), and it is also well-established that controlling shareholders may, in certain circumstances, owe fiduciary duties, *see Kahn v. Lynch Communication Systems, Inc.,* 638 A.2d 1110 (Del.1994), Delaware case law "suggests that ... controlling shareholders may indeed be liable [to creditors] for breach of fiduciary duty in the zone of insolvency." March 22, 2002 Order at 5. Therefore, the court concluded that is would not dismiss the Committee's claim against the non-Director Hechinger Family defendants who are "only" controlling shareholders.

On April 5, 2002 the non-Director Hechinger Family defendants moved to certify the above issue to the Third Circuit pursuant to 28 U.S.C. § 1292(b) to determine whether, under Delaware law, controlling shareholders owe fiduciary duties to creditors of a corporation in the zone of insolvency. Defendants further request that the court amend its March 22, 2002 order to include the requested certification.

On April 29, 2002, while the certification motion was still under the consideration of the court, the Hechinger Family defendants' moved for summary judgment on Count II of the Committee's complaint (D.I.155), arguing that, like the England Family defendants, the Hechinger Family Defendants "never voted their shares in favor of the transaction challenged in this lawsuit," because their shares were held in a voting trust over which they exercised no control. Accordingly, under the law of the case established by the court's earlier ruling concerning the England Family defendants, the Hechinger Family Defendants should also be dismissed from the case.

As of that time, the court had preliminarily concluded that it would grant in part the Hechinger Family Defendants' motion for certification, but was concerned that if it was to grant their summary judgment motion, there would no longer be grounds to certify the question. On April 30, 2002, the court sent a letter to counsel in the case, enclosing a draft opinion and order granting in part the certification motion and a draft of the certification[3] (D.I. 157). Therein, the court explained that while the court had concluded that certification was appropriate, as the question was one of Delaware state law, the court believed that it would be more appropriate to certify the question to the Delaware Supreme Court under Delaware Supreme Court Rule 41 than to the Third Circuit pursuant to 28 U.S.C. § 1292(b). The court indicated that it was prepared to grant this motion, but that upon receipt of the Hechinger Family Defendants motion for summary judgment, it had doubts as to "the continued appropriateness of certifying the identified question of law to the Delaware Supreme Court." The letter closed by asking counsel to respond with their views as whether a grant of summary judgment in favor of the Hechinger Family Defendants would necessarily moot the certification issue.

---

3. The draft Certification stated that "The important and urgent reason for an immediate determination by the Supreme Court of the question certified is that the proper disposition of the litigation before the Delaware District Court requires that the certified question be answered."

As the Hechinger Family Defendants' summary judgment motion was fully briefed, it became apparent that it would be appropriate to grant the motion. While the plaintiff disagreed with the court's earlier decision to dismiss the England Family Defendants, both parties agreed that under the law of the case, the court should enter an order granting the Hechinger Family Defendants' summary judgment motion and dismissing them from the case. The court entered that order on May 22, 2002.

As for the certification matter, after discussing it further with the parties, the court requested further written guidance from the parties as to whether certification was still appropriate and if so, what the Certification should state in the section required to explain why certification was "important and urgent."

On May 21, 2002, counsel for the Hechinger Family Defendants wrote to urge the court that certification would still be appropriate. He enclosed a draft Certification with his letter. The section of the draft Certification detailing why certification was important and urgent stated, somewhat vaguely, that "[t]he important and urgent reasons for an immediate determination by the Supreme Court of the question certified is that the proper disposition of the litigation before the Delaware District Court requires that the certified question be answered."

In response, on May 23, 2002, counsel for the plaintiff wrote to the court and stated that in light of the order granting summary judgment to the Hechinger Family Defendant's, the court should not certify the question of law to the Delaware Supreme Court because it is moot. That is, the answer to the certified question will not materially affect or advance this case, because the only defendants whose fate was dependent on the answer to the certi-

fied question—the Hechinger Family Defendants—had been dismissed from the case on other grounds.

Having considered the parties' positions, this is the court's decision on the defendants' certification motion.

## II. *DISCUSSION*

### A. *Standard of Decision*

Pursuant to 28 U.S.C. § 1292(b), a district court has discretion to allow the interlocutory appeal of its order where the court provides a written opinion stating that the order "involves a controlling question of law as to which there is substantial difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Klapper v. Commonwealth Realty Trust*, 662 F.Supp. 235, 236 (D.Del.1987).

Similarly, Delaware Supreme Court Rule 41 provides for interlocutory certification from "other Delaware courts" of "a question or questions of law arising in any case before it ... if there is an important and urgent reason for an immediate determination of such question or questions by [the Supreme Court] and the certifying court has not decided the question or questions in the case." Delaware Supreme Court Rule 41 further specifies that it will, in its discretion, accept questions of law that are of first impression in this State or that are as yet unsettled.

Because the issue that the defendants urge the court to certify involves a question of Delaware state law, the court will consider the motion to certify as directed towards the Delaware Supreme Court, under Rule 41.

### B. *Should the Court Exercise its Discretion to Certify the Question Presented?*

The question of law presented by the Hechinger defendants, is a pure question

of state law, and involves no factual disputes. The question simply is: may controlling shareholders be liable for breach of fiduciary duties to creditors where the corporation is in the zone of insolvency.

Additionally, while this court, in the posture of a motion to dismiss the Committee's complaint, found that Delaware case law suggested that controlling shareholders may be liable to creditors for breach of fiduciary duty, it acknowledges that due to the lack of Delaware case law directly on point, the precise question is a novel question of law whose proper resolution may not be beyond dispute. Although Delaware courts have held that directors of a corporation may owe fiduciary duties to creditors when the corporation is insolvent, no Delaware court has expressly extended that duty to controlling or majority shareholders.

In order to certify a question under Rule 41, however, certification of the question at issue must be "important and urgent." Prior to granting the Hechinger Family Defendants' summary judgment motion, the court believed that certification of this question was important and urgent, because an error in its resolution would require dismissal of the amended complaint as to the non-director Hechinger Family Defendants. This is no longer the case, as these defendants have been dismissed from the case.

The Hechinger Defendants' contend that certification is nonetheless appropriate, because certain defendants remain who have been sued in their capacity as shareholders under Count II and answering the question to be certified will determine whether those defendants can be held liable for breach of fiduciary duty under Count II. The remaining Count II shareholder defendants, however, are also former directors and officers of Hechinger who fall squarely within Count I of the Amended Complaint. Every defendant that remains in the case as a defendant to Count II is also a defendant to Count I. No matter what the Delaware Supreme Court decides about whether these defendants may be liable under Count II, it is undisputed that they will remain in the case as potentially liable under the same set of facts as directors under Count I.

Thus the court concludes there is no longer any important and urgent reason for certification and—while the question to be certified is certainly an interesting one—it would be incorrect to represent to the Delaware Supreme Court otherwise. *See North River Ins. Co. v. Hoechst Celanese Corp.*, 645 A.2d 569 (Del.1994) (finding no "important and urgent reason for immediate determination by this Court" under Supreme Court Rule 41, because "it would not terminate the litigation as there are numerous parties and policies that remain" even if the Court granted the petition); *see also In re Magic Marker Sec. Litig.*, 472 F.Supp. 436 (D.C.Pa.1979) (under 28 U.S.C. § 1292(b) certification will not "materially advance the ultimate termination of litigation" where overlapping or related claims based on the same set of facts would remain against a party, and will thus be denied). Accordingly, the court will deny the defendants' motion for certification.

## III.  CONCLUSION

As explained above, because the defendants' motion for certification will not be case dispositive for any set of defendants, the court will deny the motion.