GRAPHIC REALTY & DISCOUNT COMPANY, Plaintiff,

v.

HOME FIRE & MARINE INSURANCE COMPANY OF CALIFORNIA, Standard Insurance Company of New York, Springfield Fire & Marine Insurance Company, and the Western Assurance Company, Defendants.

Civ. A. No. 60–144–C.

United States District Court
D. Massachusetts.

April 7, 1961.

Harold Brown, Boston, Mass., for plaintiff.

Samuel P. Sears, Boston, Mass., John P. Gorman, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for defendants.

CAFFREY, District Judge.

This is an action for declaratory judgment and other relief brought under the provisions of 28 U.S.C.A. §§ 2201, 2202. Jurisdiction is invoked on the basis of 28 U.S.C. 1332, 1391. The plaintiff is a partnership, the individual members of which are citizens of Michigan, New Hampshire, and Massachusetts. The partnership has places of business in Boston, Massachusetts, and Detroit, Michigan. The defendants are incorporated insurance companies licensed to do business in both Michigan and Massachusetts. The Home Fire & Marine Insurance Company is organized under the laws of the State of California; Standard Insurance Company of New York is organized under the laws of the State of New York; Springfield Fire & Marine Insurance Company is organized under the laws of the Commonwealth of Massachusetts; and the Western Assurance Company is organized under the laws of Canada.

Each defendant issued a policy of insurance to the plaintiff, insuring plaintiff from loss attributable to vandalism and malicious mischief to a building owned by plaintiff and located in Detroit, Michigan. Plaintiff, in the instant ac-

tion, seeks a declaration establishing the liability of the defendants under the policies. Plaintiff has filed a motion for voluntary dismissal as against the Springfield Fire & Marine Insurance Company, of Massachusetts, pursuant to Rule 41(a) (2), Fed.Rules Civ.Proc. 28 U.S.C.A. At the oral argument of this motion it was indicated that the presence of this particular defendant among the group of defendants defeats the existence of Federal jurisdiction, since one of the partners who make up the plaintiff partnership is also a resident of the State of Massachusetts. This motion to voluntarily dismiss is opposed by the defendants.

Defendants, in turn, have filed a motion to dismiss pursuant to Rule 12(b) (1), Federal Rules of Civil Procedure, upon the ground that this court lacks jurisdiction over the subject matter, for the reason that there is not sufficient diversity of citizenship between parties-plaintiff and parties-defendant. The defendants have also filed a motion to transfer the cause to the U. S. District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C.A. § 1404 (a). Plaintiff opposes both of the defendant motions.

■■ While it is clear that complete diversity of citizenship of parties-plaintiff from the citizenship of parties-defendant is necessary to the existence of Federal jurisdiction, City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47, it is equally clear that if Federal jurisdiction does not exist at the time of filing a complaint, it can be acquired by dismissing the action as to a defendant whose citizenship is the same as that of one or more of the parties plaintiff. Grant County Deposit Bank v. McCampbell, 6 Cir., 1952, 194 F.2d 469, 472, 31 A.L.R.2d 909; Carneal v. Banks, 10 Wheat. 181, 188–189, 6 L.Ed. 297.

■ The motion to dismiss as against the Springfield Fire & Marine Insurance Company is allowed. The motion to dismiss for lack of Federal jurisdiction, pursuant to Rule 12(b) (1), Federal Rules of Civil Procedure, is denied.

■ Turning to the motion to transfer this cause to the United States District Court for the Eastern District of Michigan, Southern Division, counsel for the defendants has argued persuasively that the property allegedly vandalized is located in Detroit; that 25 to 30 witnesses for the defense live in the Detroit area; that various records maintained by public utility companies and police are located in Detroit; and that, in short, all the evidence likely to be introduced in the case and all of the fact witnesses are from the Detroit area. Counsel for the plaintiff, in rejoinder, point out that the plaintiff is agreeable to stipulating many of the facts in issue, and that the ultimate question in the case involves a ruling of law as regards the meaning of the word "vacant" in the insurance policies which underlie this action. Suffice it to say that a party is entitled to present its evidence live if it elects to do so and is under no obligation to proceed by way of stipulation if in the honest judgment of its counsel the medium of stipulation would materially derogate from the effective presentation of its side of the case. Likewise, it appears from the pleadings that the question of the status of the building involved at the time of the vandalism may well be a mixed question of fact and law, with the result that a trial court would take testimonial evidence as to the condition, maintenance, and use of the building in question, both at the time of the vandalism and for some period previous thereto.

The motion for transfer to the United States District Court for the Eastern District of Michigan, Southern Division, is allowed.