**AGGREGATES (CAROLINA), INC. and William Clay Jackson, Plaintiffs,**

v.

**Carl H. KRUSE; Peter Firestone; Francisco Bonelli; Prudential Bache Securities, Inc., and Coastal General Construction Services Corporation, Defendants.**

Civ. No. 90–1492 (JAF).

United States District Court,
D. Puerto Rico.

Feb. 26, 1991.

Pedro A. Jiménez, San Juan, P.R., for plaintiffs.

Humberto Guzmán–Rodríguez, Fiddler Gonzalez & Rodriguez, San Juan, P.R., for PruBache.

David Rivé–Rivera, Vargas & Rive, San Juan, P.R., for Firestone and Bonelli.

John A. Zebedee, Law Office of James L. Hymes, III, St. Thomas, U.S.V.I., Stuart A. Weinstein–Bacal, San Juan, P.R., for Coastal General.

Roberto Boneta, Muñoz Boneta Gonzalez Arbona, Benitez & Peral, San Juan, P.R., for Kruse.

## OPINION AND ORDER

FUSTE, District Judge.

The underlying action in this case is for violations of the securities laws, RICO violations, and a host of related local law claims, all arising out of a series of interrelated corporate transactions. The complaint alleges damages of several million dollars. All indications point to the probability that the substantive claims will be disposed of by settlement. There is, however, a hitch. Defendant Prudential Bache Securities Inc., ("PruBache"), against whom plaintiffs are no longer seeking relief, and who has yet to file an answer or a summary judgment motion, wishes to hold up the settlement on the theory that PruBache should be compensated for the $8,000 in attorney's fees it has allegedly expended to date in this matter, and that any dismissal as to it should be with prejudice. Plaintiff, attempting to save the settlement, filed a voluntary dismissal, without prejudice, of all claims against Pru-Bache under Fed.R.Civ.P. 41(a)(1)(i). Pru-Bache seeks to vacate the dismissal as against it because it wishes to remain in the settlement negotiations in order to negotiate for its legal fees and for a "with prejudice" dismissal. Alternatively, if the court sanctions a dismissal of PruBache, it seeks to have the dismissal with prejudice and conditioned on the payment of legal fees. Plaintiffs assert that PruBache has no basis in law to demand an attorney fee award, and characterize PruBache's actions in obstructing the settlement in order to get such fees as "blackmail" worthy of Rule 11 sanctions.

### Voluntary Dismissal

Federal Rule of Civil Procedure 41 states in relevant part:

**(a) Voluntary Dismissal: Effect Thereof.**

(1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Plaintiffs in this matter relied on Rule 41(a)(1)(i). They did not move for a voluntary dismissal, nor did they file a stipulation signed by all the parties. They simply filed a "Notice of Voluntary dismissal as to Codefendant Prudential Bache Securities, Inc." Where a notice pursuant to the rule is properly and timely filed, the court has no discretion in the matter, and cannot condition the dismissal on any grounds. 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2362 (1971); *Universidad Central Del Caribe, Inc. v. Liaison Committee on Medical Education,* 760 F.2d 14 (1st Cir.1985). PruBache denies that plaintiffs had the option to rely on that rule.

PruBache, although it did not file an answer or summary judgment motion (which would preclude the applicability of that section of the rule) did file a "Motion to Sever, To Compel Arbitration and to Stay Such Arbitration Pending Results of Court Proceedings Against Remaining Defendants." In essence, the motion to sever argues that since PruBache's liability, if any, is derivative from the other defendants, the court should stay the entire matter as to PruBache until the issue of liability could first be determined as to the defendants from whom PruBache's liability might flow, thereby obviating the need for PruBache to litigate the matter at all if the other defendants were exonerated. It also argued that if liability *were* found as to the other defendants, the plaintiffs' claim as to PruBache should then be submitted for arbitration. PruBache argues that such a motion is the functional equivalent of a summary judgment motion, since it "calls for the resolution on the merits of whether on not the main codefendants perpetuated fraud against the plaintiffs."

■ The motion was made before any substantive discovery, makes no substantive defense to the claim alleged, gives no factual scenario inconsistent with the facts alleged in the complaint, and makes no counterclaims. This document, whatever it may be, is not the functional equivalent of a summary judgment motion. It is not analogous to a summary judgment motion

merely, as PruBache claims, because it *calls for* the resolution on the merits of claims against other defendants in the case. "A motion to compel arbitration and stay proceedings is not the equivalent of an answer or a motion for summary judgment." *Hamilton v. Shearson–Lehman American Express Inc.,* 813 F.2d 1532 (9th Cir.1987); *Merit Ins. Co. v. Leatherby Ins. Co.,* 581 F.2d 137, 142 (7th Cir.1978) (cited with approval by the First Circuit in *Universidad Central,* 760 F.2d at 18); *Wilson & Co. v. Fremont Cake & Meal Co.,* 83 F.Supp. 900 (D.Neb.1949). Even motions to dismiss under Rule 12(b)(6), though potentially dispositive of the case, are insufficient to divest plaintiff of its right to voluntarily dismiss. *Leroux v. Lomas & Nettleton Co.,* 626 F.Supp. 962 (D.Mass.1986). We found no case law support for PruBache's position and we find it to be meritless.

■ PruBache also argues, however, that the filing of answers by *some* of the defendants divests the plaintiffs of the power to use Rule 41(a)(1)(i) to dismiss as against *any* defendant, even if that particular defendant had not yet filed an answer or summary judgment motion. The Rule itself is arguably ambiguous. The wording "at any time before service by the adverse party of an answer or of a motion for summary judgment ..." could signify that the service of any answer or motion for summary judgment in a multiple defendant case would trigger the responsibility of the plaintiff to seek dismissal under other sections of the rule, or it could mean that a voluntary dismissal by plaintiff of any particular defendant is available (without stipulation or court order) up until the time that that defendant answers or moves for summary judgment. PruBache urges the former interpretation. We adopt the latter. *Leroux,* 626 F.Supp. at 966; *Terry v. Pearlman,* 42 F.R.D. 335, 337 (D.Mass. 1967); *Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc.,* 474 F.2d 250, 254–55 (5th Cir.1973); 9 C. Wright & A. Miller, *Federal Jurisdiction and Practice* § 2362 (1971) (weight of authority and "sounder view" favor right to dismiss some defendants under rule while others remain

in the case). Plaintiffs' voluntary dismissal notice had the effect of severing PruBache from the lawsuit entirely. We have no power to condition that dismissal in any way.

### Rule 11 Sanction

Plaintiffs ask us to sanction PruBache for its opposition to its voluntary dismissal of them as a party under Rule 11. The relevant section of the Rule states that:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

■ As to the first substantive requirement of the rule, that the motion be grounded in law or a reasonable extension of the law, a sanction would be inappropriate. Although PruBache's papers leave little doubt that the attorney did no research into the issue of whether Rule 41(a)(1)(i) may be employed against one defendant in a case where other defendants have filed answers, the law is not as settled as plaintiffs would have us believe. No Supreme Court or First Circuit case has directly addressed the issue. Even Wright and Miller can only call the adoption of the rule as the "sounder view taken" by the "weight of authority." PruBache's technical argument with respect to Rule 41(a)(1)(i), while painfully weak, was not so insupportable as to be sanctionable.

But Rule 11 does more than require technically defensible arguments. It requires that motions not be made for improper purposes or to cause delay or increase litigation costs. 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1335 ("the third element of the certification requirement is that the signer not have any improper purpose"); *In Re Kunstler*, 914 F.2d 505, 518 (4th Cir.1990). The test is an objective one. *Id.* PruBache has trumpeted its motivation for filing the motion loud and clear. It seeks to have the voluntary dismissal vacated so that the plaintiffs will have to resort either to a dismissal by stipulation of all parties, or by motion to the court. In either case, PruBache seeks to end up with a "dismissal with prejudice" and attorney's fees for having been brought into the action in the first place.

■ There is no basis in law for a "with prejudice" dismissal in this case, even if we granted PruBache's request to force plaintiffs to move for dismissal. For a "with prejudice" dismissal, a party must show legal prejudice which goes beyond merely the possibility of facing another suit on the same issues. *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46 (1st Cir.1981); *Conafay v. Wyeth Laboratories*, 841 F.2d 417 (D.C.Cir.1988). PruBache alleges no prejudice that goes beyond the possibility that they may be sued again.

■ PruBache also seeks attorney's fees. PruBache offers virtually no authority under which attorney's fees would be appropriate here. It is clear to this court that the attorney for PruBache believes that his client is entitled to receive attorney's fees merely because PruBache had to suffer the inconvenience of having been joined in a federal law suit. This is not the standard. Under the so-called "American Rule," the prevailing party is generally not entitled to reasonable attorney's fees merely for having prevailed. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). For attorney's fees to be awarded, the party seeking such fees must show some statutory authority entitling it to fees. *Id.* The statutory authority may be state or federal. *Perlman v. Pioneer Limited Partnership*, 918 F.2d 1244 (5th Cir.1990); *Muthig v. Brant Point Nan-*

*tucket, Inc.*, 838 F.2d 600 (1st Cir.1988). Alternatively, a party may be awarded fees as a part of the sanction imposed under Rule 11 against an opposing party. *Muthig*, 838 F.2d at 603.

PruBache offers no explanation as to its supposed entitlement to fees. It repeats only that it has expended $8,000 in fees and expenses in the action to date "and is entitled to recover said costs from those responsible in causing PruBache to become a party defendant in this case." It states that the Rule 41 dismissal "hamper[s] PruBache's right for recovery of said expenses." At one point PruBache asserts that: "It only seeks reasonable remedy to the fact that it has been brought to court, defended itself and after $8,000 in fees plaintiffs decide to pull the plug and turn the system of justice off, thus curtailing any possibility of recovery of such expenditure." We can only conclude that PruBache's attorney does not understand the nature of the availability of legal fees, in that he seems to believe that merely defending a lawsuit entitles a party to fees.

█ The only potentially defensible argument that PruBache hints at (although without ever explaining) is that the entire lawsuit against it was frivolous and worthy of Rule 11 sanctions, and that the proper sanction would be attorney's fees. First, PruBache offers no support for such an argument. Second, our own review of the record convinces us that there is no such argument to be made. Third, PruBache is fully entitled to have sought its attorney's fees by motion to the court *even after* the Rule 41 dismissal, *Cooter & Gell v. Hartmarx Corp.*, — U.S. —, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990), a rule which has been the law of this Circuit for a substantial time. *Muthig*, 838 F.2d at 603. There is no basis, therefore, to hold up the dismissal here for Rule 11 attorney's fees, since a motion for fees could be made after the dismissal anyway.

█ In summation, PruBache has no viable basis for demanding a "with prejudice" dismissal, virtually no viable basis for demanding attorney's fees, and no basis for saying that the Rule 41 motion severed its

right to petition the court for a fee award, even assuming it did have a basis for such an award. Under the circumstances, we are tempted to agree with plaintiffs that PruBache's strategy was to obstruct what may be a settlement of hundreds of thousands of dollars just long enough to extort an $8,000 payment to which it has no conceivable entitlement. We are particularly disturbed by this matter because of our interest in preserving judicial resources. It is the duty of this court and the attorneys who practice before it to facilitate voluntary resolution of matters where possible, particularly at early stages of litigation. Any litigator knows that a settlement negotiation can be a delicate business, and that a party bent on playing the spoiler can be very effective in blocking a. settlement. Blackmail is not too harsh a word to describe a situation where one blocks a settlement to receive a benefit to which he is not in any way entitled.

Ultimately, however, sanctioning an attorney for improper motive should be a rare occurrence. Here there was enough of a shade of a technical argument that the dismissal should have been by stipulation or motion, instead of mere notice under Rule 41(a)(1)(i), that we refuse to impose a sanction. We are certain that the message to PruBache's counsel is clear without our adding a sanction.

### Conclusion

We construe PruBache's "Opposition to Plaintiffs' Notice of Voluntary Dismissal" to be a motion to vacate the dismissal, since no "opposition" to a Rule 41(a)(1)(i) dismissal is permissible. If the dismissal occurred properly under that section, we have no power to consider conditioning that dismissal in any way. It cannot be "opposed." We deny the motion to vacate the dismissal. PruBache was dismissed from this case by virtue of the Notice of Dismissal by plaintiffs dated December 14, 1990.

We DENY plaintiffs' motion to impose sanctions on PruBache pursuant to Rule 11 in connection to the motion to vacate the dismissal.

We DENY PruBache's cross-motion for Rule 11 sanctions against plaintiffs in connection with plaintiffs' motion for Rule 11 sanctions.

IT IS SO ORDERED.