UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1462
No. 92-1771

RAFAELA TRINIDAD-DELGADO, ET AL.,

Plaintiffs, Appellants,

v.

SK&F LAB COMPANY, ET AL.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

Before

Stahl, Circuit Judge,

Campbell, Senior Circuit Judge,

and Skinner,* Senior District Judge.

Luis Angel Lopez Olmedo for appellants.

Gregory T. Usera with whom Ramon L. Velasco and Goldman Antonetti

Ferraiuoli & Axtmayer were on brief for appellees.

April 29, 1993

* Of the District of Massachusetts, sitting by designation.

SKINNER, Senior District Judge.

This appeal is from a summary judgment of

dismissal for lack of subject matter jurisdiction. The

plaintiffs brought an action in the District Court of the

District of Puerto Rico to recover damages from the

defendants for injuries to the plaintiff Rafaela Trinidad

Delgado resulting from exposure to cimetidine hydrochloride,

a toxic substance used in the manufacture of Tagamet.

Tagamet was manufactured by the plaintiff's employer. The

other plaintiffs are Mrs. Trinidad's husband and son. The

original defendants were "SK&F Lab Co., Smith Kline and

French - U.S., Smith Kline Beecham Mellon and or other Smith

Kline Corporation family and it insurers [sic]."

Without challenge by the parties, the relationship

of the various Smithkline corporations was found by the

district judge to be as follows:

Mrs. Trinidad's employer, originally called SK&F

Lab Co., merged with SK&F Co. to form Smithkline Beecham

Pharmaceutical Co., a Delaware corporation with its

principal place of business in Puerto Rico. (This

-2-
2

corporation and its predecessors were referred to

collectively by the court below as "Pharmco," and we will do

the same.) Pharmco is a subsidiary of SKB, Puerto Rico,

Inc., a holding company incorporated in Delaware, and with

its principal place of business there. SKB, Puerto Rico,

Inc., is itself a subsidiary of Smithkline Beecham

Corporation (formerly Smithkline Beckman Corporation), which

is a Pennsylvania corporation having its principal place of

business in Pennsylvania. There is no such corporation as

the named defendant, Smithkline Beecham Mellon. There are

two other corporations referred to by the district court,

Smithkline and French International Company and its wholly

owned subsidiary, Smithkline & French Interamerican

("Interamerican"), a Delaware corporation with its principal

place of business in Puerto Rico. Interamerican is engaged

in the sale and distribution of products manufactured by

Pharmco.

Several months after the case was filed, and after

the original defendants had filed their answer, the

plaintiff moved to amend the complaint by including all of

the above named Smithkline corporations as defendants. The

record reveals neither allowance of this motion nor service

on the added defendants. Nevertheless, after the filing of

-3-
3

this motion, all parties and the court treated these

corporations as properly before the court, at least for the

purpose of presenting their motions for summary judgment on

jurisdictional grounds and to dismiss for failure to state

claims against certain of the defendants. Counsel never

filed an answer with respect to the added defendants, but

did file a motion to dismiss or for summary judgment on

behalf of all named defendants. For purposes of this

appeal, we too will treat all parties as properly before the

court.

About a month after the motion to dismiss or for

summary judgment was filed by the defendants, the plaintiffs

filed a motion under Fed. R. Civ. P. 41(a) for voluntary

dismissal of Pharmco and Interamerican, the two corporations

having their principal places of business in Puerto Rico.

This motion was filed for the avowed purpose of creating

complete diversity of citizenship, the lack of which had

been cited by the defendants as a basis for dismissal for

lack of subject matter jurisdiction. The plaintiffs did not

specify upon which paragraph of Rule 41(a)1 they were

1 The pertinent provisions of Rule 41(a) are as follows:

Rule 41. Dismissal of Actions

(a) Voluntary Dismissal: Effect Thereof.

-4-
4

relying. The motion was referred to a magistrate judge, who

endorsed the motion, "Denied. Rule 41(a)(1)(ii)." The

magistrate judge apparently did not consider whether the

motion should be granted on conditions under Fed. R. Civ. P.

41(a)(2).

The district judge thereafter entered a judgment

for the defendants upon the allowance of their motion to

dismiss or for summary judgment. He ruled (1) that since

the motion under Rule 41(a) had been properly denied under

Rule 41(a)(1), the two local corporations were still in the

case, so that subject matter jurisdiction failed for lack of

diversity; and (2), alternatively, that the complaint failed

(1) By Plaintiff; by Stipulation.
Subject to the provisions of Rule 23(e),
of Rule 66, and of any statute of the
United States, an action may be
dismissed by the plaintiff without order
of court (i) by filing a notice of
dismissal at any time before service by
the other party of an answer or of a
motion for summary judgment, whichever
first occurs, or (ii) by filing a
stipulation of dismissal signed by all
parties who have appeared in the action.
. . .

(2) By Order of Court. Except as
(2) By Order of Court.
provided in paragraph (1) of this
subdivision of this rule, an action
shall not be dismissed at the
plaintiff's instance save upon order of
the court and upon such terms and
conditions as the court deems proper.

-5-
5

to state a claim against Pharmco and Interamerican, and

there was no personal jurisdiction over the other Smithkline

corporations. This appeal followed.

It would appear from the magistrate judge's

endorsement that the magistrate intended to determine the

motion. This was error, because under 28 U.S.C.

636(b)(1)(A) and (B), a motion to dismiss may not be

referred for determination, but only for report and

recommendation to the district judge. Accordingly we will

treat the magistrate judge's endorsement as a recommendation

to the district judge. The magistrate judge was correct in

recommending denial of the motion for voluntary dismissal

under Rule 41(a)(1), since a motion for summary judgment had

been filed and the parties had filed no stipulation.

The plaintiffs may well have been entitled to

dismiss non-diverse parties for the purpose of establishing

diversity jurisdiction under Rule 41(a)(2), absent any

showing of prejudice to the defendants2. Newman-Green,

2 The defendants' argument that Pharmco and
Interamerican were indispensable parties is totally
insupportable on the record. Mrs. Trinidad Delgado had
received workers' compensation from the State Insurance
Fund, which, as the defendants correctly argued, is a
complete defense to a direct claim against her employer, of
which Pharmco is the corporate successor. 11 L.P.R.A. 21.
Moreover, it is difficult to understand how Interamerican,
which was a sales organization, had anything to do with the

-6-
6

Inc. v. Alfonzo-Larrain, 490 U.S. 826, 833 (1989); Sweeney

v. Westvaco Co., 926 F.2d 29, 41 (1st Cir.), cert. denied,

112 S. Ct. 274 (1991); cf. Leroux v. Lomas & Nettleton Co.,

626 F. Supp. 962, 965 (D. Mass. 1986).

The plaintiffs never sought reconsideration by the

district judge of the magistrate's recommendation to deny

plaintiffs' voluntary motion to dismiss, however. Under the

Local Rules of Puerto Rico 510.1, an appeal from a

determination by a magistrate judge must be filed within ten

days, or the determination becomes a ruling of the court;

but under Local Rule 501.2(A), an objection to a

recommendation and report must also be filed within ten

days, and "[f]ailure to file objections within the specified

time waives the right to appeal the District Court's order."

Not only did the plaintiffs fail to follow the

local rule, they failed to honor the rationale behind it,

which as the Supreme Court pointed out in Thomas v. Arn, 474

U.S. 140, 147-48 (1985), is to

enable [ ] the district judge to focus
attention on those issues -- factual and
legal -- that are at the heart of the
parties' dispute. The [ ] rule, by

manufacturing process in which Mrs. Trinidad Delgado was
injured.

-7-
7

precluding appellate review of any issue
not contained in objections, prevents a
litigant from 'sandbagging' the district
judge by failing to object and then
appealing.

As we have said, the magistrate judge's decision

must be treated as no more than a recommendation to the

district judge. Because of the plaintiffs' complete failure

to protect their rights under Local Rule 510.2(A) (or under

Rule 501.1 either, for that matter), the ruling of the

district judge is not appealable. Keating v. Secretary of

Health and Human Serv., 848 F.2d 271, 275 (1st Cir. 1988).

For purposes of this appeal, therefore, Pharmco and

Interamerican remain parties in the case.

Given this state of the record, the court's ruling

that there was no subject matter jurisdiction must stand.

The uncontradicted affidavits submitted by the defendants

firmly establish that Puerto Rico was the principal place of

business of both Pharmco and Interamerican. For purposes of

diversity, they are citizens of Puerto Rico, 28 U.S.C.

1332(c)(1), as are the plaintiffs. Absent complete

diversity of citizenship, there is no basis for subject

matter jurisdiction.

There is no need to examine the court's alternate

grounds for dismissal.

-8-
8

The judgment of dismissal is affirmed. The

appellees shall recover their costs.

-9-
9