Mason Pension Plan v. Tolman        CV-94-522-SD  01/04/96
                 UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


The Mason Pension Plan, et al

          v.                                Civil No. 94-522-SD

Walter F. Tolman, et al


                            O R D E R


     This order addresses issues raised by medium of a letter

from plaintiffs' counsel to the clerk of this court.[1]  The dual

matters described in said letter include (1) a statement of no

objection to the motion for extension of time for filing

dispositive motions filed on December 29, 1995, by counsel

for the defendant Travelers Insurance Company (document 12) and

(2) a questioning of the grounds of issuance of the court's

December 28, 1995, "Order of Refusal of Pleading" (document 11).[2]

     As there is no objection to Travelers' motion to extend

time, that motion is herewith granted.

_____

     [1]The issues raised in said letter, dated January 3, 1996,
should have been contained in a motion for reconsideration.  In
the interests of efficiency, the court treats the letter as such.

     [2]The Order of Refusal concerned a stipulation of dismissal
with prejudice of all claims as against defendant Walter F.
Tolman.  Although signed by plaintiffs' counsel and counsel for
Tolman, it was refused because Rule 41(a)(1)(ii) mandates that
such stipulations be "signed by all parties who have appeared in
the action."

With respect to the issue concerning the refusal of the stipulation, plaintiffs' counsel quite properly points out that this judge on September 17, 1992, adopted the reasoning of the District of Massachusetts that the term "action" as used in Rule 41, Fed. R. Civ. P., "means all of the claims against any one defendant, and not necessarily all of the claims against all defendants." Biosearch Med. Prods., Inc. v. Medical Marketing, Inc., et al, Civ. 88-394-SD, at 3 (citing and quoting Laroux v. Lomas & Nettleton Co., 626 F. Supp. 962, 966 (D. Mass. 1986) (Young, J.)). The court accordingly ruled that the signatures of the parties to the "action" between such parties were sufficient to comply with the requirements of Rule 41(a)(1)(ii), Fed. R. Civ. P. Id.

Accordingly, the December 28, 1995, Order of Refusal of Pleading is herewith vacated. The clerk is directed to docket the Stipulation of Dismissal with prejudice of all claims of plaintiffs as against defendant Walter F. Tolman.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 4, 1996

cc:  Joseph S. Hoppock, Esq.
     Donald A. Burns, Esq.
     E. Tupper Kinder, Esq.

2